UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: JUNE 16, 2008
08CV3443
JUDGE NORGLE
MAGISTRATE JUDGE MASON
YM

CHICAGO REGIONAL COUNCIL OF CARPENTERS )
PENSION FUND and its Trustees RICHARD A. )
BAGGIO, ROGER A. MONACO, PAUL R. )
HELLERMANN, JEFFREY ISAACSON, BENJAMIN )
JOHNSTON, J. DAVID PEPPER, JOSEPH )
PASTORINO, MICHAEL J. SEXTON and MARTIN C. )
UMLAUF; CHICAGO REGIONAL COUNCIL OF )
CARPENTERS WELFARE FUND and its Trustees )
RICHARD A. BAGGIO, ROGER A. MONACO, PAUL )
R. HELLERMANN, JEFFREY ISAACSON, TODD H. )
HARRIS, BENJAMIN JOHNSTON, FRANK LIBBY, J. )
DAVID PEPPER, JOSEPH PASTORINO, THOMAS S. )
RAKOW, MICHAEL J. SEXTON and MARTIN C. )
UMLAUF; CHICAGO AND NORTHEAST ILLINOIS )
REGIONAL COUNCIL OF CARPENTERS )
APPRENTICE AND TRAINING PROGRAM and its )
Trustees RICHARD A. BAGGIO, TODD H. HARRIS, )
JEFFREY ISAACSON, KEITH JUTKINS, ALBERT L. )
LEITSCHUH, RANDY R. MEYER, BRUCE A. )
NELSON, J. DAVID PEPPER, JAMES A. SIKICH and )
MARTIN C. UMLAUF; and LABOR/MANAGEMENT )
UNION CARPENTRY COOPERATION PROMOTION )
FUND and its Trustees RICHARD A. BAGGIO, )
KENNETH BORG, JOSEPH FELDNER, J. DAVID )
PEPPER, and MARTIN C. UMLAUF, )
                                            )
                        Plaintiffs,          )
                                            )
       v.                                    )
                                            )
MAROUS BROTHERS CONSTRUCTION, INC. an )
Ohio corporation,                            )
                                            )
                        Defendant.           )

## COMPLAINT

Plaintiffs, the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND ("PENSION FUND"), the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND ("WELFARE FUND"), the CHICAGO AND NORTHEAST ILLINOIS REGIONAL

COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("TRAINEE FUND"), and the LABOR/MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND ("LABOR/MANAGEMENT FUND) and their respective trustees (hereinafter, collectively the "Trust Funds"), by their attorney, Kevin P. McJessy, complain of Defendant MAROUS BROTHERS CONSTRUCTION, INC. ("Defendant"), as follows.

## SUMMARY OF THIS ACTION

The Trust Funds bring this action against the Defendant under ERISA because the Defendant has refused to provide the books and records necessary to determine whether Defendant has complied with the obligation to contribute to the Trust Funds pursuant to the Area Agreement and the Trust Agreements. The Trust Funds seek an audit of Defendant's books and records, all contributions found owing, interest and liquidated damages, auditors' fees and attorneys' fees and costs.

## JURISDICTION

1. This Court has jurisdiction over this matter based on questions arising under § 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and § 301 of the Taft-Hartley Act. (29 U.S.C. §§ 1132 and 185).

## VENUE

2. Venue is proper in this District because the Trust Funds are multi-employer employee benefit plans, which are located in and administered in Chicago, Illinois.

## THE PARTIES

3. **The Trust Funds.** The Trust Funds receive contributions from numerous employers pursuant to Area Agreements ("Area Agreements") between the employers and the Chicago and Northeast Illinois Regional Council of Carpenters (hereinafter referred to as the

2

"Union"), and therefore, are multi-employer plans. *See* 29 U.S.C. § 1002. The Trust Funds provide medical, pension, training and other benefits to Union carpenters and other persons pursuant to certain terms and conditions.

4. **Defendant.** Defendant is an Ohio corporation and an employer engaged in an industry affecting commerce which entered into a Participation Agreement ("Agreement") effective November 1, 2005. A true and correct copy of the Agreement is attached hereto as Exhibit A. The Agreement provides that Defendant agreed to be bound by the then current collective bargaining agreement or "Area Agreement" and all subsequent Area Agreements, unless terminated by Defendant in accordance with the provisions of the Agreement and Area Agreement.

5. Defendant was qualified to do business in Illinois by the Illinois Secretary of State on June 21, 2005, and did business in Illinois from at least as early as November 1, 2005. Illinois revoked Defendant's registration effective November 1, 2006.

**GENERAL ALLEGATIONS**

6. The Agreement and the Area Agreements bind the Defendant to the provisions of the Trust Agreement of the Chicago District Council of the United Brotherhood of Carpenters and Joiners of America and Builders Association of Chicago ("Pension Trust Agreement") which established the Pension Fund, to the provisions of the Trust Agreement ("Welfare Trust Agreement") which established the Welfare Fund, to the provisions of the Chicago District Council of Carpenters Apprentice and Trainee Program Trust Agreement ("Trainee Trust Agreement") which established the Trainee Fund (hereinafter collectively referred to as the "Trust Agreements"), and to the Agreement and Declaration of Trust Establishing the Labor/Management Union Carpentry Cooperation Promotion Fund which established the Labor

Management Fund ("Labor/Management Trust Agreement"). The Agreement, Trust Agreements and Collective Bargaining Agreements require Defendant to pay fringe benefits to the Trust Funds.

7. The Area Agreements and Trust Agreements require Defendant to pay fringe benefits to the Trust Funds for hours worked by Union-member employees at the rate and in the manner specified in the Area Agreements and the Trust Agreements.

8. The Area Agreements and Trust Agreements require Defendant to contribute to the Trust Funds for each hour worked by Defendant's employees who perform work falling within the jurisdiction of the Union at the rate and in the manner specified in the Area Agreements and the Trust Agreements.

9. The Area Agreements and Trust Agreements require the Defendant to contribute to the Trust Funds according to the hours worked by subcontractors which are not bound by the Area Agreement but which perform work within the jurisdiction of the Union.

10. The Area Agreements and Trust Agreements require the Defendant to provide records necessary for the Trust Funds to determine whether Defendant has complied with their obligation to contribute to the Trust Funds. On or about September 21, 2007, October 5, 2007, October 8, 2007, November 16, 2007 and January 2, 2008, the Trust Funds and/or auditors retained by the Trust Funds demanded that Defendant produce records necessary for an audit. Defendant failed to produce the books and records sufficient for an audit.

## COUNT I

11. The Pension Fund hereby incorporates paragraphs 1- 10 above as though fully set forth herein.

12. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to produce books and records necessary for the Pension Fund to audit Defendant's contributions to the Pension Fund after the Pension Fund demanded an audit.

13. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Pension Fund incurs in the collection process.

14. The Pension Fund has complied with all conditions precedent in bringing this suit.

15. The Pension Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Pension Fund.

16. Defendant must pay attorneys' fees and court costs that the Pension Fund incurs in this matter pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

17. This Court should award the Pension Fund, pursuant to 29 U.S.C. § 1132(g)(2)(B), interest on the amount that is due.

18. This Court should award the Pension Fund, pursuant to 29 U.S.C. § 1132(g)(2)(C), an amount equal to the greater of:

   (a)   interest on any unpaid contributions; or

   (b)   liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Pension Fund prays for judgment in their favor which orders Defendant:

   A.   to provide access to its records so that the Pension Fund may conduct the audit necessary for compliance with the Area Agreements;

   B.   to pay any and all amounts the Pension Fund may discover to be due pursuant to the audit that they request in this action;

   C.   to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);

D. to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

E. to pay the reasonable attorneys' fees and costs the Pension Fund incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D); and

F. to award the Pension Fund such other and further relief as the Court deems just and equitable.

## COUNT II

19. The Welfare Fund hereby incorporates paragraphs 1 - 10 above as though fully set forth herein.

20. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to produce books and records necessary for the Welfare Fund to audit Defendant's contributions to the Welfare Fund after the Welfare Fund demanded an audit.

21. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Welfare Fund incurs in the collection process.

22. The Welfare Fund has complied with all conditions precedent in bringing this suit.

23. The Welfare Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Welfare Fund.

24. Defendant must pay attorneys' fees and court costs that the Welfare Fund incurs in this matter pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

25. This Court should award the Welfare Fund, pursuant to 29 U.S.C. § 1132(g)(2)(B), interest on the amount due.

26. This Court should award the Welfare Fund, pursuant to 29 U.S.C. § 1132(g)(2)(C), an amount equal to the greater of:

(a)   interest on any unpaid contributions; or

(b)   liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Welfare Fund prays for judgment in their favor which orders Defendant:

A.   to provide access to its records so that the Welfare Fund may conduct the audit necessary for compliance with the Area Agreements;

B.   to pay any and all amounts the Welfare Fund may discover to be due pursuant to the audit that they request in this action;

C.   to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);

D.   to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

E.   to pay the reasonable attorneys' fees and costs the Welfare Fund incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D); and

F.   to award the Welfare Fund such other and further relief as the Court deems just and equitable.

## COUNT III

27.   The Trainee Fund hereby incorporates paragraphs 1 - 10 above as though fully set forth herein.

28.   Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to produce books and records necessary for the Trainee Fund to audit Defendant's contributions to the Trainee Fund after the Trainee Fund demanded an audit.

29.   The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Trainee Fund incurs in the collection process.

30.   The Trainee Fund has complied with all conditions precedent in bringing this suit.

31. The Trainee Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Trainee Fund.

32. Defendant must pay attorneys' fees and court costs that the Trainee Fund incurs in this matter pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

33. This Court should award the Trainee Fund, pursuant to 29 U.S.C. § 1132(g)(2)(B), interest on the amount due.

34. This Court should award the Trainee Fund, pursuant to 29 U.S.C. § 1132(g)(2)(C), an amount equal to the greater of:

    (a) interest on any unpaid contributions; or

    (b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Trainee Fund prays for judgment in their favor which orders Defendant:

    A. to provide access to its records so that the Trainee Fund may conduct the audit necessary for compliance with the Area Agreements;

    B. to pay any and all amounts the Trainee Fund may discover to be due pursuant to the audit that they request in this action;

    C. to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);

    D. to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

    E. to pay the reasonable attorneys' fees and costs the Trainee Fund incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D); and

    F. to award the Trainee Fund such other and further relief as the Court deems just and equitable.

## COUNT IV

35. The Labor/Management Fund hereby incorporates paragraphs 1 - 10 above as though fully set forth herein.

36. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to produce books and records necessary for the Labor Management Fund to audit Defendant's contributions to the Labor Management Fund after the Labor Management Fund demanded an audit.

37. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Labor/Management Fund incurs in the collection process.

38. The Labor/Management Fund has complied with all conditions precedent in bringing this suit.

39. The Labor/Management Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Labor/Management Fund.

40. Defendant must pay attorneys' fees and court costs that the Labor/Management Fund incurs in this matter pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

41. This Court should award the Labor/Management Fund, pursuant to 29 U.S.C. § 1132(g)(2)(B), interest on the amount due.

42. This Court should award the Labor/Management Fund, pursuant to 29 U.S.C. § 1132(g)(2)(C), an amount equal to the greater of:

    (a)    interest on any unpaid contributions; or

    (b)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Labor/Management Fund prays for judgment in their favor which orders Defendant:

    A.    to provide access to its records so that the Labor/Management Fund may conduct the audit necessary for compliance with the Area Agreements;

B.    to pay any and all amounts the Labor/Management Fund may discover to be due pursuant to the audit that they request in this action;

C.    to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);

D.    to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

E.    to pay the reasonable attorneys' fees and costs the Labor/Management Fund incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D); and

F.    to award the Labor/Management Fund such other and further relief as the Court deems just and equitable.

CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND *et al.*

By:     s/ Kevin P. McJessy
        One of their attorneys

Kevin P. McJessy
MCJESSY, CHING & THOMPSON, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260
(773) 880-1265 (facsimile)
mcjessy@mcandt.com

# EXHIBIT A

# PARTICIPATION AGREEMENT
# WITH AN INTERNATIONAL AGREEMENT

WHEREAS, the Trustees of the Chicago Regional Council of Carpenters Pension and Health and Welfare Plans and the Chicago Regional Council of Carpenters Apprentice and Training Plan ("Trustees") and **Marous Brothers Construction, Inc.** ("Employer") desire to enter into a Participation Agreement as contemplated by the Agreement and Declaration of Trust;

WHEREAS, the Employer is signatory to an International Agreement with the United Brotherhood of Carpenters and Joiners of America, AFL-CIO;

NOW THEREFORE, it is agreed by and between the Trustees and the Employer as follows:

1. **Bound by Trust.** The Employer agrees to be bound by the Agreement and Declaration of Trust establishing the Chicago Regional Council of Carpenters Pension and Health and Welfare Plans and the Chicago Regional Council of Carpenters Apprentice and Training Plan and by any present or future amendment(s) thereto.

2. **Bound by Plan.** The Employer agrees to be bound by the terms of the Chicago Regional Council of Carpenters Pension and Health and Welfare Plans and the Chicago Regional Council of Carpenters Apprentice and Training Plan and by any present or future amendment(s) thereto.

3. **Acceptance of Trustees.** The Employer accepts as Employer Trustees the present Employer Trustees appointed pursuant to the Agreement and Declaration of Trust and all such past and succeeding Employer Trustees as shall have been or will be appointed in accordance with the terms of the Agreement and Declaration of Trust, hereby ratifying all actions already taken or to be taken by such Trustees within the scope of their authority.

4. **Contribution Payments.** The Employer agrees to make and the Trustees agree to accept hourly contributions on behalf of all bargaining unit employees of the Employer at the hourly contribution rate specified in the applicable collective bargaining agreement, which is attached hereto and made a part of this Participation Agreement. The Employer is bound to the Number One Agreement with the United Brotherhood of Carpenters and Joiners of America (an executed copy is attached hereto) which allows fringe benefit contributions to be made directly to their Home Local Fund at the then-current rate set forth in the Area Agreement for Cook, Lake and DuPage Counties between the Chicago Regional Council of Carpenters and the Mid-America Regional Bargaining Association (MARBA).

Participation Agreement
February 28, 2001

5. **Date Contributions Due/Liquidated Damages.** Monthly contribution payments are due at the Fund office no later than the 15th day of the month succeeding the month in which the Employer is liable for contribution payments. Contribution payments received after the above described due date will be considered delinquent. In such case, the Employer shall be deemed to be in violation of this Participation Agreement and the aforementioned Agreement and Declaration of Trust and shall be liable for contributions due, liquidated damages, interest, attorneys fees, and any other costs of collection.

6. **Effective Date/Duration.**
   (a) This Participation Agreement shall be effective <u>11/01/2005</u> and shall continue in effect until terminated in accordance with subsection (b) below.

   (b) This Participation Agreement shall be binding upon the parties until either party to this Participation Agreement gives written notice to the other of an intention to terminate the Participation Agreement at least three (3) calendar months prior to the termination of the then-existing Area Agreement for Cook, Lake and DuPage Counties between the Chicago Regional Council of Carpenters and the Mid-America Regional Bargaining Association (MARBA).

IN WITNESS WHEREOF, the parties have caused this Participation Agreement to be executed by their duly authorized representative, effective as first set forth above.

**TRUSTEES REPRESENTATIVE**

BY: _[signature]_

TITLE: _____

**EMPLOYER:** Marous Brothers Construction, Inc

BY: _[signature]_
Scott Marous

TITLE: Chief Operating Officer

Scott Marous
(Print or Type Name)    (Title)

ADDRESS: 1702 Joseph Lloyd Parkway

Willoughby, Ohio 44094

TELEPHONE: 440-951-3904

Participation Agreement
February 28, 2001